PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FRANCISCO ARCE, Defendant and Appellant.

No. 2319. Argued January 16, 1925.—Decided June 10, 1925.

FOREIGN COFFEE—PARTNERSHIP—MANAGING PARTNER—PLEADING.—When the evidence tends to show that the offense with which the defendant is charged was committed by a partnership of which the defendant is admitted to be a managing partner, if it is not proved that he is the only managing partner and that he committed the offense the judgment of conviction will be reversed.

District Court of Ponce, R. Díaz Cintrón, J. Judgment convicting the defendant of violating Joint Resolution No. 22 of June 5, 1919. *Reversed.*

*Jacinto Texidor* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Francisco Arce was charged with a violation of Joint Resolution No. 22 of June 5, 1919 (p. 780), to regulate the

sale of foreign coffee in that although he was buying and selling foreign coffee between the 14th and the 30th of September, 1923, he did not place on the outside of his building in which the said coffee was stored a sign bearing his name, the number of the license issued to him for trading in foreign coffee and the words "Dealer in foreign coffee," and in that during the said period of time he did not keep the register which he should have obtained from the Treasurer of Porto Rico in order to enter daily the quantities of coffee entering and leaving his establishment, the country from which the coffee was imported and the names and domiciles of the sellers and buyers.

He was convicted and took the present appeal, alleging, among other grounds in support of a reversal of the judgment of conviction, that it was not proved that he dealt in foreign coffee or had a warehouse containing that kind of coffee.

The evidence introduced at the trial leads to the conclusion that it was not proved that the appellant committed the acts charged in the information, for what the evidence tended to show was that the said acts were committed by the firm of Successors of Gilet & Arce, and although it is admitted that the appellant was managing partner of that firm, it was not proved that he was the only managing partner or that he personally committed the offense charged.

The judgment must be reversed and the defendant discharged.